IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH E. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3145 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD T. SMITH, BURDETTE SEARCEY, GERALD LAMKIN, KENT HARLAN, MARK MEINTS, JERRY O. DEWITT, and WAYNE R. PRICE, PhD, in their individual and official capacities, GAGE COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision, GAGE COUNTY ATTORNEY'S OFFICE, a Nebraska political subdivision; and, and COUNTY OF GAGE, NEBRASKA, a Nebraska political subdivision, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

The defendants have filed a motion to dismiss arguing all or part of the plaintiff's complaint must be dismissed under Rules 12(b)(6) and 12(b)(1) for the following reasons:

- Plaintiff's claims are barred by the statute of limitations;

- Defendants Gage County and the individually named defendants, sued in their official capacities, cannot be liable under 42 U.S.C. § 1983 under the theory of respondeat superior;

- The Gage County Sheriff's Office and Gage County Attorney's Office are not entities subject to suit under Nebraska law;

- Defendant Smith is entitled to absolute prosecutorial immunity;

- The complaint fails to state a claim against Defendant DeWitt;

- The plaintiff cannot state a claim under 42 U.S.C. § 1983 for malicious prosecution;

- The plaintiff's complaint fails to state a claim against the individually named defendants, in their individual capacities, because it fails to allege each individual defendant "either did some affirmative act, participated in the affirmative act of another, or failed to perform an act which resulted in "an objectively serious deprivation" of the Plaintiff's constitutionally protected rights;" (filing no. 33, at CM/ECF p. 19-20); and

- The court cannot exercise jurisdiction over plaintiff's state tort claims because the plaintiff failed to comply with the Political Subdivision Tort Claims Act.

Filing No. 32.[1]

The defendants have filed a motion to stay discovery pending a ruling on the motion to dismiss. (Filing No. 34). The plaintiff opposes the discovery stay, arguing:

> Discovery is certainly appropriate in cases where one of the essential claims of the defendants is that they were acting in good faith. . . . In the case at bar, the defendants set forth no particular reason to stay discovery . . . . There is no good and apparent reason that mandatory discovery and the requisite disclosures should not go forward, especially given the need for clearly established underlying facts which may well

---

[1]Judge Warren K. Urbom, the presiding judge assigned to this case, will issue the ruling on the defendants' motion to dismiss.

> have relevance to the defense claims of immunity and the alleged good faith actions of defendants in this case.

Filing No. 38, at CM/ECF pp. 1-2.

At the current stage of this litigation, the defendants are seeking dismissal under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Rule 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted).

In reviewing the plaintiff's complaint, the court will assume all the facts alleged by the plaintiffs are true, and based on this assumption, determine if the defendants may be liable under 42 U.S.C. § 1983 for violating the plaintiff's clearly established constitutional rights. That determination should be made by the court before subjecting the defendants to the "burdens of broad-reaching discovery." Janis v. Biesheuvel, 428 F.3d 795, 800 (8th Cir. 2005) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

If, as the plaintiff argues, the plaintiff's allegations reach the threshold of claiming a violation of clearly established law, then discovery may be appropriate for the purpose of further addressing the issue of good faith and qualified immunity. However, until that threshold ruling is made by the court, discovery will be stayed.

See e.g., Zamora v. City of Belen, 229 F.R.D. 225 (D.C.N.M. 2005) (staying discovery pending a ruling on the defendant's motion for summary judgment where the plaintiff alleged false arrest and malicious prosecution against a prosecutor, the defendant alleged absolute and qualified immunity, and the plaintiff failed to show why discovery was needed to respond to the defendant's motion).  Accordingly,

    IT IS ORDERED that the defendants' motion to stay discovery, (filing no. 32), is granted.

    DATED this 25th day of August, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge
