IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH E. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3145 |
| | ) | |
| V. | ) | |
| | ) | |
| RICHARD T. SMITH, in his official capacity, et. al., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

    This matter came before the court on the defendants' motion to stay discovery (filing no. 76), the plaintiff's motion to compel, (filing no. 79), and the plaintiff's motion to extend the time for the plaintiff to respond to the defendants' motion for summary judgment (filing no. 81). Following a teleconference with counsel, and for the reasons set forth below, the defendants' motion to stay discovery is granted, the plaintiff's motion to compel is denied, and the plaintiff's motion to extend the time for his response to the defendants' motion for summary judgment is granted in part and denied in part.

**Qualified Immunity**

    The plaintiff seeks relief under 42 U.S.C. § 1983 for the named defendants' respective roles in allegedly violating several of the plaintiff's constitutional rights. In response to the suit, the named defendants have filed a motion for summary judgment (filing no. 61), asserting they are immune from suit under the doctrine of qualified immunity. The defendants have requested a stay of all discovery until the summary judgment is ruled upon.

    Qualified immunity is "an immunity from suit rather than a mere defense to liability." Hunter v. Bryant, 502 U.S. 224 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, including discovery. Harlow v. Fitzgerald, 457 U.S. 800., 817-818 (1982). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See Ballard v. Heineman, 548 F.3d 1132 (8th Cir. 2008).

In some cases where qualified immunity is asserted and the defendant has filed a summary judgment motion based on the immunity claim, courts may allow limited discovery on the issue of the conduct of the state actors. See Lovelace v. Delo, 47 F.3d 286 (8th Cir. 2008). However, in order to support a request for limited discovery on the issue of qualified immunity, the plaintiff must indicate that he or she "cannot present facts essential to justify [his or her] opposition" to the summary judgment motion. Fed. R. Civ. P. 56(f); see also Ballard, 548 F.3d at 1137.

In this case, the plaintiff has not made a showing of the specific and unknown facts he hopes to uncover through the discovery process. For instance, in his brief in opposition to the defendants' motion to stay, the plaintiff alleges he needs to depose several of the defendants to challenge their "assertions that a particular plaintiff made a particular statement, with the evidence that the defendants, in fact, told the plaintiff what to say" (filing no. 82, p. 5). Such discovery will do nothing to inform the plaintiff of facts of which he is not already aware. To the contrary, the plaintiff should be fully aware of the actions of the defendants as they relate to what the plaintiff was, or was not, instructed to do. The plaintiff also argues discovery is needed to "question the defendants about why they ignored, and worked to change, statements made by witnesses and some plaintiffs that were inconsistent with, and could not be reconciled with the crime scene evidence." Id. However, the plaintiff has filed no affidavit outlining the evidence he believes can be secured through discovery, or how such evidence is necessary to respond to all or part of the defendants'

motion for summary judgment on the basis of qualified immunity. The defendants' motion to stay the proceedings is granted.

**Motion to Compel**

The plaintiff has filed a motion to compel discovery. Because all discovery is stayed in this case, the plaintiff's motion to compel (filing no. 79) is denied.

**Motion to Extend**

The plaintiff has filed a motion to extend the time he has to respond to the defendants' motion for summary judgment (filing no. 81). This motion is granted in part and denied in part, as set forth below.

IT IS ORDERED:

1) The defendants' motion to stay proceedings (filing no. 76) is granted. All discovery in this case shall be stayed until 30 days after the court rules on the defendants' pending motion for summary judgment.

2) The plaintiff's motion to compel (filing no. 79) is denied.

3) The plaintiff's motion to extend (filing no. 81) is granted in part. The plaintiff's response to the defendants' motion for summary judgment is due no later than November 8, 2010. The defendants' reply is due no later than December 8, 2010.

DATED this 12th day of August, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3