IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH E. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3145 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD T. SMITH, in his official | ) | MEMORANDUM AND ORDER ON |
| capacity, BURDETTE SEARCEY, Dep., in | ) | PLAINTIFF'S MOTION TO DISMISS |
| his official and individual capacities, | ) | DEFENDANTS HARLAN AND MEINTS |
| GERALD LAMKIN, Dep., in his official | ) | |
| and individual capacities, KENT HARLAN, | ) | |
| Dep., in his official and individual | ) | |
| capacities, MARK MEINTS, Dep., in his | ) | |
| official and individual capacities, JERRY O. | ) | |
| DEWITT, Sheriff, in his official and | ) | |
| individual capacities, WAYNE R. PRICE, | ) | |
| PhD., in his official and individual | ) | |
| capacities, and COUNTY OF GAGE, | ) | |
| NEBRASKA, a Nebraska political | ) | |
| subdivision, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 23, 2010, the plaintiff, Joseph White, filed a "Motion to Dismiss Defendants Kent Harlan and Mark Meints." (ECF No. 114.) In this motion, the plaintiff states that he "joins in the motion of James L. Dean . . . asking that the court dismiss Kent Harlan and Mark Meints." (Id. at 2.) Dean's motion, which was made in Dean v. Smith, No. 4:09-cv-3144 (D. Neb. Nov. 23, 2010), states that "in preparing to answer Defendants' Motion for Summary Judgment,[Dean has] thoroughly investigated [Harlan's and Meints's] actions" and cannot prove "that either defendant violated Plaintiff's rights pursuant to 42 U.S.C. § 1983." Dean's motion also states that all of the remaining defendants have agreed to the dismissal of Harlan and Meints. On December 23, 2010, Judge Kopf granted Dean's motion in Case No. 4:09-cv-3144.

1

Because the defendants have filed and served an answer and a motion for summary judgment, and because the plaintiff has not filed a stipulation of dismissal signed by all parties who have appeared, the plaintiff must seek an order of voluntary dismissal under Rule 41(a)(2). See Fed. R. Civ. P. 41(a)(1)-(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side," and "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). The defendants have not claimed that the dismissal of Harlan and Meints would unfairly affect the defense, but instead have agreed that these defendants should be dismissed from the case. Also, I note that the plaintiff (through Mr. Dean) has offered a good reason for dismissing Harlan and Meints from this action. Under the circumstances, I find that the plaintiff's motion should be granted. All claims against Defendants Harlan and Meints–whether directed at these defendants in their individual or official capacities–will be dismissed without prejudice.

**IT IS ORDERED** that the plaintiff's Motion to Dismiss Defendants Kent Harlan and Mark Meints, ECF No. 114, is granted, and all claims against Harlan and Meints are dismissed without prejudice.

Dated February 22, 2011.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge